UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

LEE ALMONTE,

                Plaintiff,

    -against-

THE CITY OF NEW YORK &
N.Y.C. POLICE OFFICER EMMANUEL
DELACRUZ, SHIELD # 15061,
DETECTIVE CARRASQUILLO,
SHIELD # 1411, AND N.Y.C. POLICE
OFFICER "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

                Defendants.

---------------------------------------------------------X

08 CV 02759 (WHP)

VERIFIED
COMPLAINT
AND DEMAND
FOR A JURY TRIAL

1. This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff LEE ALMONTE is a resident of New York City, New York County, State of New York.

4. At all times hereinafter, the Defendant officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope

and authority of their employment. They are each sued individually and in their official capacity as N.Y.C. Police Officers. The defendant officers are only being sued for violations of plaintiff's federal civil rights.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant City was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein, the City knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights of the Plaintiff.

## FACTS

### FIRST ARREST AND ASSAULT

9. On or August 27, 2006, at approximately 3:00 a.m., plaintiff was in the vicinity of 617 West 169th Street, in Manhattan, New York.

10. At that time, plaintiff witnessed police officers grab his friend Jonathan Suero and throw Jonathan Suero against a wall. Plaintiff watched as the officers cuffed Suero, hit him with a nightstick, pepper-sprayed him and then threw him in a police car.

11. Plaintiff stepped forward 2-3 steps to ask why they were arresting his friend. Officer Delacruz proceeded to pull out a nightstick.

12. Plaintiff backed up and pulled out his phone to record video of his friend's arrest.

13. Officer Delacruz then hit plaintiff's phone out of his hand with his stick.

14. Plaintiff picked up the phone, a Nextel 930, and saw that it was broken.

15. Plaintiff then pulled out his Sidekick phone in order to type in the officer's badge number, and the officer hit that phone out of his hand as well.

16. Officer Delacruz then hit plaintiff's arms a few times with his stick. Delacruz told his partner "Let's get this guy."

17. They slammed plaintiff to the ground.

18. A number of other officers assisted in arresting and hitting him, including stomping his head into the ground. Also, a gun was put in his face.

19. Plaintiff was arrested and falsely charged with various crimes against the officers, and did not charge him with any crimes against the girl he allegedly grabbed.

20. Plaintiff was held in custody for approximately 24 hours.

21. Defendant officers provided all of the information that was prepared in the paperwork regarding these false charges. The Defendant officer included in the documents material statements which he knew to be false.

22. Plaintiff was prosecuted criminally, and after numerous court appearances, all the charges were dismissed on March 12, 2007.

23. As a result of this unlawful arrest and assault, amounting to a violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other physical and emotional injuries, as well as economic harm.

SECOND ARREST (INVOLVING SEIZURE OF PLAINTIFF'S MONEY)

24. On January 30, 2007, plaintiff was standing outside in front of his apartment building locate at 601 W. 169th Street, In New York, New York when defendant officers arrested him and charged him with possession of marijuana, after finding him in possession of a small amount of the drug in his jacket.

25. The defendant officers proceeded to gain entry into plaintiff's apartment, #25, and demanded that he open a safe they discovered in his apartment.

3

26. Plaintiff, who was already in handcuffs, gave the officers the key to the safe.

27. The officers recovered over $6,000 of plaintiff's money from the safe.

28. Defendant officer Carrasquillo vouchered this evidence (Voucher #N521857) and listed it as "investigatory".

29 Plaintiff accepted an Adjournment in Contemplation of Dismissal (ACD) on this misdemeanor marijuana offense.

30. Plaintiff received a letter from the District Attorney's office authorizing the NYPD to return the money to plaintiff.

31. For over one year, plaintiff has unsuccessfully tried to recover this money from the NYPD.

31. Defendants have neither instituted any legal proceeding to forfeit this money, nor have the defendants properly accounted for this money.

32. In fact, plaintiff has made numerous trips to One Police Plaza to the Property Clerk's office, and has been told by the Property Clerk that its office never received the money from the officer.

AS AND FOR
A FIRST CAUSE OF ACTION

33. Plaintiff reiterates and realleges the facts stated in paragraphs 1-32 as if stated fully herein.

34. On August 27, 2007, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C.§ 1983.

35. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

36. As a direct and proximate result of the acts of Defendants, Plaintiff suffered

4

psychological and economic injuries, endured great pain and mental suffering, was deprived of his physical liberty.

## FOR A SECOND CAUSE OF ACTION

37. Plaintiff reiterates and realleges the facts stated in paragraphs 1-36 as if stated fully herein.

38. On August 27, 2007, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

39. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

40. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

41. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## AS AND FOR A THIRD CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS

42. Plaintiff reiterates and realleges the facts stated in paragraphs 1-41 as if stated fully herein.

43. Defendant City and Defendant N.Y.P.D., through its police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendants, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth,

Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

44. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendants committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

AS AND FOR A FOURTH<br>CAUSE OF ACTION<br><u>FOR VIOLATION OF RIGHT TO PRIVACY</u>

45. Plaintiff reiterates and realleges the facts stated in paragraphs 1-44 as if stated fully herein.

46. On January 30, 2007, defendant officers violated plaintiff's right to privacy by searching his apartment without legal justification, and use coercive measures to get the key to the safe from plaintiff, who was handcuffed at the time.

47. Even *assuming arguendo* that the initial seizure of the money was proper, the defendants have acted without legal justification in refusing to return this money to plaintiff.

AS AND FOR A FIFTH CAUSE<br><u>OF ACTION FOR CONVERSION</u>

(THIS CLAIM IS AGAINST CARRASQUILLO,<br>IN HIS INDIVIDUAL CAPACITY ONLY)

48. Plaintiff reiterates and realleges the facts stated in paragraphs 1-47 as if stated fully herein.

49. On January 30, 2007, defendant Carrasquillo converted plaintiff's money in violation of New York State law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiff's rights under state law, and under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States; and,

2. Enter a judgment, jointly and severally, against the Defendant officers and The City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against each of the Defendant officers for punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       March 12, 2008

**RESPECTFULLY,**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the Answer in this case and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       March 12, 2008

_____
STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

LEE ALMONTE,

        Plaintiff,

  -against-

THE CITY OF NEW YORK &
N.Y.C. POLICE OFFICER EMMANUEL
DELACRUZ, SHIELD # 15061,
DETECTIVE CARRASQUILLO,
SHIELD # 1411, AND N.Y.C. POLICE
OFFICER "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

        Defendants.

----------------------------------------------------------X

VERIFIED
COMPLAINT
AND DEMAND
FOR A JURY TRIAL

**Steven Hoffner, Esq.**
Attorneys for plaintiff
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330


To:   Michael A. Cardozo
      Corporation Counsel
      Attorney for Defendants
      100 Church Street
      New York, New York 10007

9