UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LEE ALMONTE,

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK & N.Y.C. POLICE OFFICER
EMMANUEL DELACRUZ, SHIELD # 15061,
DETECTIVE CARRASQUILLO, SHIELD # 1411, AND
N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER**

JURY TRIAL DEMANDED

08 Civ. 2759 (WHP)

Defendants City of New York, Officer Emmanuel Delacruz, and Detective Sam Carrasquillo, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully allege upon information and belief as follows.

1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that Emmanuel Delacruz is employed as a police officer with the New York City Police Department and Sam Carrasquillo is employed as a detective with the New York City Police Department.

5.   Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation.  Defendants respectfully refer this Court to the New York City Administrative Code and New York City Charter for a relationship between the City and the New York City Police Department.

6.   Deny the allegations set forth in paragraph "6" of the complaint, and respectfully refer this Court to the New York City Administrative Code and New York City Charter for a relationship between the City and the New York City Police Department.

7.   Deny the allegations set forth in paragraph "7" of the complaint.

8.   Deny the allegations set forth in paragraph "8" of the complaint.

9.   Admit the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "`13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff was arrested on January 30, 2007.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that $6,015 was recovered from a safe.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that the money recovered was vouchered.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

31. Deny the allegations set forth in the second paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in all the previous paragraphs of this answer as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

50. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

51. Any injuries in the complaint were caused, in whole or in part, by plaintiff's culpable or negligent conduct.

## FOR A THIRD AFFIRMATIVE DEFENSE

52. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## FOR A FOURTH AFFIRMATIVE DEFENSE

53. Plaintiff provoked any incident.

## FOR A FIFTH AFFIRMATIVE DEFENSE

54. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

## FOR A SIXTH AFFIRMATIVE DEFENSE

55. There was probable cause for plaintiff's arrests and prosecutions.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

56. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**FOR A NINTH AFFIRMATIVE DEFENSE**

57. At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

**FOR A TENTH AFFIRMATIVE DEFENSE**

58. Plaintiff's claims are barred, in part, by failing to comply with all conditions precedent to suit.

WHEREFORE, defendants City of New York, Police Officer Emmanuel Delacruz and Detective Sam Carrasquillo respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      May 9, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the City of New York
                                Attorney for Defendants City, Delacruz, and
                                Carrasquillo
                                100 Church Street
                                Room 3-212
                                New York, New York 10007
                                (212) 788-0823

                        By: _____
                                Hillary A. Frommer (HF 9286)
                                Senior Counsel

Index No.  08 Civ. 2759 (WHP)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEE ALMONTE,

Plaintiff,

-against-

THE CITY OF NEW YORK & N.Y.C. POLICE OFFICER
EMMANUEL DELACRUZ, SHIELD # 15061, DETECTIVE
CARRASQUILLO, SHIELD # 1411, AND N.Y.C. POLICE
OFFICER "JOHN DOE" EACH SUED INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY,

Defendants.

---

**ANSWER**

---

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Delacruz, and*
*Carrasquillo*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Hillary A. Frommer*
*Tel:  (212) 788-0823*
*NYCLIS No. 2008-012437*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ......................................................., 200......*

*................................................................................. Esq.*

*Attorney for.........................................................................*